Filing # 121336561 E-Filed 02/12/2021 03:44:33 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN AND
FOR SEMINOLE COUNTY, FLORIDA

**COLIN NORBERG,**               CASE NO: 2021CA000424

    **Plaintiff,**

vs.

**COSTCO WHOLESALE CORPORATION, and MIKE SINANIAN**

    **Defendants,**
_____ /

**COMPLAINT**

    COMES NOW Plaintiff, **COLIN NORBERG**, and sues Defendants, **COSTCO WHOLESALE CORPORATION and MIKE SINANIAN**, and alleges:

    1.    This is an action for damages that exceeds Thirty Thousand Dollars ($30,000.00), exclusive of attorneys' fees, costs and interest.

    2.    At all times material hereto, Plaintiff **COLIN NORBERG** was a natural person residing in Seminole County, Florida.

    3.    At all times material to this action, Defendant **COSTCO WHOLESALE CORPORATION** (hereinafter "COSTCO") was a Washington corporation licensed to do business, and doing business, in Seminole County, Florida.

    4.    Specifically, on or about November 1, 2019, Defendant **COSTCO** was licensed to do and was doing business in Seminole County, Florida, at 741 Orange Avenue, Altamonte Springs, Florida.

*** E-FILED: GRANT MALOY, CLERK OF CIRCUIT COURT SEMINOLE COUNTY, FL 02/12/2021 03:44:30 PM.****

5. At all times material hereto, Defendant **MIKE SINANIAN** was a natural person residing in Seminole County, Florida and was the manager in charge of that certain business located at 741 Orange Avenue, Altamonte Springs, Florida, said business being that of a warehouse club, open to the general public, including the Plaintiff herein.

6. At all times material to this action, Defendant's, **COSTCO**, employees, staff and agents were under the inherent and presumed supervision of Defendant **MIKE SINANIAN** and as employees, staff or agents were acting withing the scope and course of their employment with Defendant **COSTCO**.

7. On or about November 1, 2019, Plaintiff **COLIN NORBERG** was an invitee, guest, business invitee, or was otherwise lawfully and properly on the premises belonging to Defendant **COSTCO** located at the above address.

8. On or about November 1, 2019, while Plaintiff was lawfully on the subject premises, employees, staff or agents of Defendant **COSTCO**, and who were under the supervision of Defendant **SINANIAN**, carelessly left cables and other equipment on the edge of a display where there was an organ/piano and were not visible or conspicuous to patrons, including Plaintiff, causing Plaintiff to fall and sustain significant permanent injuries.

## COUNT I
## NEGLIGENCE OF COSTCO WHOLESALE CORPORATION

Plaintiff re-alleges and incorporates Paragraphs one (1) through eight (8).

9. At all times material hereto, Defendant **COSTCO WHOLESALE CORPORATION,** was in possession, dominion and control of the premises located at 741 Orange Avenue, Altamonte Springs, Florida.

10. At all times material hereto, Defendant **COSTCO** owed Plaintiff a duty to exercise reasonable care for his safety, a duty to provide a safe premises free of hazards, a duty to correct or warn of hazards, and a general duty to own, operate and manage the premises in a reasonable safe manner. Further, once Defendant **COSTCO** undertook to own, operate and operate the premises it had a duty to do so in a reasonable manner.

11. Defendant, **COSTCO** breached these non-delegable duties by:

a) Creating the condition which caused Plaintiff's injury;

b) Failing to appropriately train employees and agents in the use of reasonable care and caution when installing or securing equipment (including the subject cable, ropes and/or other equipment) attached to or near the subject organ/piano;

c) failing to warn patrons such as Plaintiff of the danger presented by such dangerous conditions.

d) failing to timely and properly inspect its subject organ/piano display and its cables/wires attached for any potentially dangerous or unsafe conditions, and failing to timely and properly correct the dangerous condition left on the subject floor that caused the Plaintiff to sustain injuries; and

e) failing to implement and/or develop adequate safety policies and procedures, reasonable care and safety guidelines and/or protocols;

f) Failing to timely and properly inspect its subject truck/trailer for any potentially dangerous or unsafe conditions, including the one previously alleged that caused Plaintiff's injury, and failing to timely and properly correct the dangerous conditions on the floor that caused Plaintiff sustain injuries and other damages; and

g) Negligently hiring and supervising agents on the proper installation and care of equipment such as cables, cords and ropes attached to displays;

h) Failing to otherwise exercise due care with respect to the dangerous condition created.

12. As further direct and proximate result of the negligence of Defendant **COSTCO** as set forth above, Plaintiff, **COLIN NORBERT**, suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, **COLIN NORBERG**, sues the Defendant, **COTSCO WHOLESALE CORPORATION**, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

### COUNT II – NEGLIGENCE OF MICHAEL SINANIAN

Plaintiff re-alleges and incorporates Paragraphs one (1) through eight (8).

13. At all times material hereto, Defendant **SINANIAN** was the manager of the subject warehouse store and had a non-delegable duty to use reasonable care in the installation, supervision thereof, and maintenance of the subject cable, ropes and/or other equipment and to warn Plaintiff or other patrons of latent perils.

14. Defendant, **MICHAEL SINANIAN**, knew or should have known of the dangerous condition left on the floor and the inherent dangers to people, such as the Plaintiff, that would traverse the unsafe area, and Defendant, **MICHAEL SINANIAN** failed to take steps to remedy the dangerous condition.

15. Defendant, **MICHAEL SINANIAN**, breached his duty of reasonable care and his duty to warn by:

> a) Failing to reasonably maintain the cable, ropes and or equipment that were left exposed on the store floor so as to not harm the invitees, including Plaintiff specifically;
>
> b) Failing to warn Plaintiff of such dangerous conditions of which Defendant was aware or should have been aware through the exercise of reasonable care;
>
> c) Failing to properly inspect the cable, ropes and/or equipment left on the floor that was attached to the subject organ/piano to detect and avoid dangerous conditions;
>
> d) Failing to implement a mode of operation to prevent instances similar to those described herein;
>
> e) Failing to implement and/or develop adequate safety policies and procedures to prevent such foreseeably dangerous conditions as those described herein;
>
> f) Failing to properly supervise employees, agents, and staff who either installed and/or maintained the cables, wires, ropes and other equipment that caused Plaintiff to fall.

16. As a direct and proximate result of Defendant's breach of these duties, Plaintiff, **COLIN NORBERG** suffered bodily injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff, **COLIN NORBERG**, will suffer losses in the future.

**WHEREFORE** Plaintiff **COLIN NORBERG**, demands judgment for damages in excess of Thirty Thousand Dollars ($30,000.00) against Defendant, **MIKE SINANIAN**, together with costs, prejudgment interest, and demands trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Florida Courts E-Filing Portal System and copies furnished by initial Process of Service.

_____
**Fermin Lopez, Esquire**
Florida Bar No.: 0652849
**Colling Gilbert Wright & Carter, LLC**
801 N. Orange Ave., Suite 830
Orlando, FL 32801
Telephone:(407) 712-7300
Email: Flopez@thefloridafirm.com
Secondary Email: jmoreno-rivera@thefloridafirm.com
Third Email: Iayala@thefloridafirm.com
*Attorneys for Plaintiff*